UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Project Rousseau, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>David J. Venturella, *Acting Director U.S. Immigrations and Customs Enforcement*,<br><br>Markwayne Mullin, *U.S. Secretary of Homeland Security*,<br><br>Todd Blanche, *Attorney General of the United States*,<br><br>Marco Rubio, *U.S. Secretary of State*,<br><br>Respondents. | Case No.<br><br>**EMERGENCY COMPLAINT FOR INJUNCTIVE RELIEF** |

## INTRODUCTION

Project Rousseau, Inc. ("Project Rousseau") is an IRS Section 501(c)(3) non-profit organization providing *pro bono* legal services and educational programming to youth and families. Some of its legal services clients are Afghan nationals due to be removed to Pakistan as early as tomorrow, November 3rd, 2026 (the "Clients"), for the purpose of effectuating an onward removal by Pakistan to Taliban-controlled Afghanistan. Some of those clients have pending motions and cases in the United States, in Immigration Court and federal court.

Based on publicly available information, Respondents intend to remove these Afghan nationals to Pakistan, and then Pakistan is asked to effectuate their onward removal to Afghanistan (the "Removal Plan"). *See, e.g.*, Ximena Bustillo, *US Makes Plans to Deport*

*Afghans, Families of Allies to Pakistan*, BLOOMBERG LAW (Oct. 26, 2026), https://news.bloomberglaw.com/us-law-week/us-makes-plans-to-deport-afghans-families-of-allies-to-pakistan. But Pakistan and the Taliban, the terrorist organization that currently exercises *de facto* control over Afghanistan, are currently engaged in armed conflict. *See, e.g.*, A.K. Wazir, *et al.*, *Pakistan Warns Afghanistan of "Unbearable Punishment" as Clashes Persist Along Border*, ASIA NEWS NETWORK (Nov. 2, 2026), https://asianews.network/pakistan-warns-kabul-of-unbearable-punishment-as-clashes-persist-along-border/. The Taliban have publicly warned against the Removal Plan. *See* Gavin Blackburn, *Taliban Voices 'Serious Concern' over US Plans to Deport Afghans via Pakistan*, EURONEWS (Nov. 2, 2026), https://www.euronews.com/2026/11/02/taliban-voices-serious-concern-over-us-plans-to-deport-afghans-via-pakistan. Based on all public statements and public reporting on this removal, this removal will, in reality, be a third country removal to Pakistan, relying on the fragile assumption that the Pakistanis will conduct a removal of their own to Afghanistan.

There is no public record that Pakistan has provided Respondents with diplomatic assurances that they would treat the Clients in accordance with the 1951 Refugee Convention,[1] the Convention Against Torture, or any other international obligations cited in other diplomatic assurances. Further, there is no public record that– even if any diplomatic assurances were received– that they were credible. Therefore, as Respondents currently frame their obligations in the case of third country removals, this removal to Pakistan cannot proceed.[2]

---

[1] Pakistan is not a party to the 1951 Refugee Convention.

[2] The procedures due to noncitizens facing third-country removal are being litigated in *D.V.D. v. U.S. Dep't of Homeland Sec.*, 821 F. Supp. 3d 102 (D. Mass. 2026), *aff'd in part, vacated in part,* No. 26-1212, 2026 WL 2797801 (1st Cir. Sept. 18, 2026), and *cert. granted sub nom. Dep't of Homeland Sec. v. D.V.D.*, No. 26-426, 2026 WL 2917860 (U.S. Sept. 29, 2026). That litigation does not excuse the government from the basic procedures set forth in its own March 2025 Guidance, nor does it excuse them from complying with the 1951 Refugee Convention, the

Even if the removal from Pakistan to Taliban-controlled Afghanistan does happen, it will be a transfer between two warring parties. This creates additional grave risk of persecution, torture, and death.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).
2. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District. *See* 28 U.S.C. § 1391(b)(2).

**PARTIES AND FACTS ALLEGED**

3. Plaintiff Project Rousseau is a non-profit organization that provides *pro bono* immigration legal services, among other services, to asylum seekers.
4. Respondent David J. Venturella is Acting Director U.S. Immigrations and Customs Enforcement. He oversees ICE and its Enforcement and Removal Operations, including the agency's administration of the immigration detention system and the removal of noncitizens, such as Plaintiff. Mr. Venturella exercises supervisory authority over ICE officials responsible for Plaintiff's removal and is sued in his official capacity.
5. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security. He is responsible for the implementation and enforcement of the Immigration and

---

Convention Against Torture, or any other international obligations cited in other diplomatic assurances. Specifically, the Department of Homeland Security's March 30, 2025 Guidance Regarding Third Counrty Removals requires Respondents to either (i) obtain "diplomatic assurances that aliens removed from the United States will not be persecuted or tortured" in that country, or (ii) provide individuals facing third-country removal with written notice of the country to which they will be removed in a language they understand, or the opportunity to express a fear of persecution or torture in that country. *See* Guidance Regarding Third Country Removals, (Mar. 30, 2025), https://immigrationlitigation.org/wp-content/uploads/2025/04/43-1-Exh-A-Guidance.pdf. In cases involving Plaintiff's clients, the government has not represented that it has obtained "diplomatic assurances" from Pakistan.

Nationality Act (INA), and oversees ICE, which is responsible for Plaintiff's detention. Mr. Mullin has ultimate custodial authority over Plaintiff and is sued in his official capacity.

6. Respondent Todd Blanche is the Attorney General of the United States. He is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. He is sued in his official capacity.
7. Respondent Marco Rubio is the United States Secretary of State. He oversees the Department of State and is responsible for the conduct of the United States' diplomatic relations with foreign governments, including diplomatic communications concerning the repatriation of noncitizens. Secretary Rubio is sued in his official capacity.
8. All respondents are named in their official capacity.
9. Upon information and belief, the Clients have been informed that they would be removed to Afghanistan in the coming weeks as early as tomorrow, November 3rd, 2026.
10. Upon information and belief, the Clients will not be removed directly to Afghanistan.
11. The United States does not currently have diplomatic relations with Afghanistan.
12. Upon information and belief,  the Clients will be removed to Pakistan.
13. Upon information and belief, Pakistan will take custody of the Clients.
14. Upon information and belief, Pakistan is meant to then execute removal of the Clients from Pakistan to Afghanistan by bus, releasing her across the Pakistani-Afghan border.

**Harm to Project Rousseau:**

15. Project Rousseau has been providing *pro bono* full scope immigration legal representation since 2022. Project Rousseau was founded in 2011, and provided exclusively non-legal services until 2022.

16. When representing detained clients, Project Rousseau diligently seeks out consistent communication with each client, and publicly available information about any possible third country removals.

17. When a client is due to be removed, Project Rousseau will speak with the client to ensure that they have planned, to whatever degree possible, to minimize risk to their safety in the country to which they are being removed.

18. Some clients are removed before their proceedings are complete, such as due to having a pending Motion to Reopen a Motion to Reconsider before an Immigration Court, or a pending *habeas corpus* action in Federal Court. In these cases, Project Rousseau continues to provide full-scope *pro bono* representation, even if the client is removed to another country.

19. The Removal Plan would significantly impair Project Rousseau's ability to represent the Clients. If the Clients become political prisoners in Pakistan, or are removed through an active conflict zone between two belligerents in an armed conflict, it is highly likely that Plaintiff will lose contact with the Clients.

20. The Removal Plan also infringes upon Project Rousseau's ability to adequately represent the Clients because Plaintiff– and the general public– has seen no proof of any diplomatic assurances from Pakistan, nor of any credibility determination with respect to those assurances. If no credible assurances exist, then the Clients are entitled to state their fears

of being removed to Pakistan, and to have that fear evaluated in a hearing before an Immigration Judge.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Violation of Due Process with Respect to Establishing a New Third Country—*Accardi* Doctrine

21. Plaintiff repeats and reallages each allegation of this complaint here.

22. Since Respondents plan to remove the Clients to Pakistan and hand them over to Pakistani authorities, and the Clients do not have an order of removal to Pakistan, this constitutes a third country removal.

23. The Department of Homeland Security has not provided Plaintiff or the Clients—nor the general public—any evidence that they received credible diplomatic assurances from Pakistan.

24. The Department of State has not represented to Plaintiff that it received adequate diplomatic assurances. The Department of State has also not made known that it found any such assurances made, to the extent they existed, to be credible, despite the extensive record of human rights violations in Pakistan; its recent death sentence of a Christian[3]; its

---

[3] *See* Beth Bailey, *Pakistan's Top Court Upholds Christian Man's Death Sentence for Blasphemy*, FOX NEWS (Oct. 27, 2026), https://www.foxnews.com/world/pakistans-top-court-upholds-christian-mans-death-sentence-blasphemy.

ongoing armed conflict with the Taliban;[4] and statements from the Taliban which plainly indicate danger for the Clients and other similarly-situated individuals.[5]

25. Since Respondents profess that at least some non-citizens do not have the right to notice of a third country removal or to have a statement of fear of removal to a third country evaluated by an Immigration Judge if the Department of State 1) receives diplomatic assurances from the third country "that aliens removed from the United States will not be persecuted or tortured", 2) deems those assurances to be credible, and 3) shares them with ICE, fact-finding as to whether these three requirements did indeed take place is integral to the claim. *See* Memorandum from Kristi Noem, Sec'y, U.S. Dep't of Homeland Sec., to Kika Scott, Senior Off. Performing the Duties of the Dir., U.S. Citizenship & Immigr. Servs., et al., *Guidance Regarding Third Country Removals* 1–2 (Mar. 30, 2025), https://immigrationlitigation.org/wp-content/uploads/2025/04/43-1-Exh-A-Guidance.pdf. It follows that there was a basic due process violation when Respondents did not avail Plaintiff or its Clients of the knowledge as to whether said pre-conditions were met.

26. The *Accardi* doctrine holds that "government agencies are required to follow their own 'existing valid regulations.'" *Catholic Leg. Immigr. Network, Inc. v. Rubio*, 840 F. Supp. 3d 209, 246 (S.D.N.Y. 2026) (quoting *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)).

---

[4] *See* A.K. Wazir, *et al.*, *Pakistan Warns Afghanistan of "Unbearable Punishment" as Clashes Persist Along Border*, ASIA NEWS NETWORK (Nov. 2, 2026), https://asianews.network/pakistan-warns-kabul-of-unbearable-punishment-as-clashes-persist-along-border/.

[5] *See* Gavin Blackburn, *Taliban Voices 'Serious Concern' over US Plans to Deport Afghans via Pakistan*, EURONEWS (Nov. 2, 2026), https://www.euronews.com/2026/11/02/taliban-voices-serious-concern-over-us-plans-to-deport-afghans-via-pakistan.

27. By failing to follow its own guidance concerning third-country removals, Respondents are violating due process under the *Accardi* doctrine.

**SECOND CLAIM FOR RELIEF**

**Violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706**

28. Plaintiff repeats and reallages each allegation of this complaint here.

29. Under the APA, 5 U.S.C. § 702, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

30. The APA prohibits an administrative agency from taking any action that– among other actions– are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[,]" "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right[,]" "without observance of procedure required by law[,]" or "unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court." 5 U.S.C. § 706(2)

31. The Removal Plan violates the APA because it violates DHS's own guidance concerning third-country removals.

32. The Removal Plan violates the APA because it violates the Clients' protected liberty interests.

33. The Removal Plan violates the APA because it reflects deliberate indifference towards the Clients' health and physical safety.

34. The Removal Plan violates the APA because it demonstrates a reckless disregard for the Clients' health and physical safety.

35. The Removal Plan violates the APA because it demonstrates a disregard for Plaintiff's ability to communicate with the Clients.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests this Court to grant the following:

1. Assume jurisdiction over this matter;
2. Order that the Clients shall not be removed from the United States to Pakistan or Afghanistan absent further order of this Court;
3. Grant a temporary restraining order against removing the Clients to Pakistan and onward to Afghanistan to preserve the status quo pending further proceedings;
4. Declare that deportation of the Clients without proof of the receipt of diplomatic assurances from Pakistan and an assessment of their credibility violates the *Accardi* Doctrine;
5. Declare that deportation of the Clients without proof of the receipt of diplomatic assurances from Pakistan and an assessment of their credibility violates the right to due process under the Fifth Amendment; and
6. Grant any further relief this Court deems just and proper.

Respectfully submitted,

*/s/ Andrew Heinrich*
Andrew Heinrich
*Supervising Attorney*
Project Rousseau, Inc.
1560 Broadway, Suite 805
New York, NY 10036
Email: Andrew.Heinrich@projectrousseau.org
Phone: +1 (917) 734-7219

*/s/ Olivia Natale*
Olivia Natale
*Staff Attorney*
Project Rousseau, Inc.
1560 Broadway, Suite 805
New York, NY 10036
Email: Olivia.Natale@projectrousseau.org
Phone: +1 (860) 966-5805