UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Project Rousseau, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>David J. Venturella, *et al.*,<br><br>Respondents. | Case No. |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

## I. FACTUAL BASIS

Project Rousseau, Inc. ("Project Rousseau") is an IRS Section 501(c)(3) non-profit organization providing *pro bono* legal services and educational programming to youth and families.

As explained in the attached declaration of counsel, *see* Declaration of Andrew Heinrich ("Heinrich Decl."), some of Project Rousseau's legal services clients are Afghan nationals due to be removed to Pakistan as early as November 3rd, 2026, for the purpose of effectuating an onward removal by Pakistan to Taliban-controlled Afghanistan. *See* Heinrich Decl. ¶ 6. Those clients have pending motions and cases in the United States. *See id.* ¶¶ 4-5. If they are moved outside of the country – particularly to countries where they are likely to face imminent harm – their counsel will not be able to correspond with them.

Therefore, Petitioner asks this Court to without delay issue a temporary restraining order enjoining Respondents from removing Plaintiff's clients from the United States to Pakistan or Afghanistan absent further order of this Court and pending the outcome of this litigation.

## II. STANDARD OF LAW

"In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction." *Antonyuk v. Hochul*, 635 F. Supp. 3d 111, 124 (N.D.N.Y. 2022). "A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *De Jesus Moreno v. Nielsen*, 460 F. Supp. 3d 291, 297 (E.D.N.Y. 2020) (internal quotation marks omitted).

## III. ANALYSIS

### 1. Petitioner Has Satisfied the Elements Required for the Court to Grant a TRO

First, Plaintiff will suffer irreparable harm if its clients are removed to Pakistan or Afghanistan pending the outcome of their proceedings in Immigration Court and/or federal court. There is active armed conflict between Pakistan and Afghanistan. *See, e.g,* A.K. Wazir, *et al.*, *Pakistan Warns Afghanistan of "Unbearable Punishment" as Clashes Persist Along Border*, Asia News Network (Nov. 2, 2026), https://asianews.network/pakistan-warns-kabul-of-unbearable-punishment-as-clashes-persist-along-border/. If Plaintiff's clients are removed to that region amidst this conflict, they are likely to face serious physical harm and even death. That would irreparably impair Plaintiff's ability to access its clients.

Second, Plaintiff establishes a likelihood of success on the merits of its claim the Removal Plan violates the *Accardi* Doctrine and the Administrative Procedure Act. The *Accardi* doctrine holds that "government agencies are required to follow their own 'existing valid regulations.'" *Catholic Leg. Immigr. Network, Inc. v. Rubio*, 840 F. Supp. 3d 209, 246 (S.D.N.Y. 2026) (quoting *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)). The Removal Plan violates the Department of Homeland Security's own guidance, *see* Memorandum from Kristi Noem, Sec'y, U.S. Dep't of Homeland Sec., to Kika Scott, Senior Off. Performing the Duties of the Dir., U.S. Citizenship & Immigr. Servs., et al., *Guidance Regarding Third Country Removals* 1–2 (Mar. 30, 2025), https://immigrationlitigation.org/wp-content/uploads/2025/04/43-1-Exh-A-Guidance.pdf. Critically, Respondents have not suggested in any cases involving Plaintiff's clients that they have obtained credible assurances that its clients would not be subjected to torture or persecution in Pakistan, nor have Plaintiff's clients received notice that they would be removed to Pakistan. *See* Heinrich Decl. ¶ 9.

Plaintiff is also likely to prevail on its APA claim, 5 U.S.C. §§ 702, 706. Here, Plaintiff is likely to prevail on its claim that the Removal Plan is arbitrary and capricious, and amounts to unlawful agency action, because the Removal Plan violates protected liberty interests; reflects deliberate indifference towards the health and physical safety of Plaintiff's clients; demonstrates a reckless disregard for the health and safety of Plaintiff's clients; and demonstrates a disregard for Plaintiff's ability to communicate with its clients. Moreover, Plaintiff is likely to satisfy the zone-of-interests inquiry. In *Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 132 (2d Cir. 2020) (footnote omitted), the Federal Defenders of New York brought an APA claim premised on the defendants' failure to comply with the BOP's regulations on

inmate-attorney visits, and the Second Circuit found that the "District Court erred in dismissing the Federal Defenders' APA claim for failure to state a claim under the zone-of-interests test." *Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 132 (2d Cir. 2020) (footnote omitted). For similar reasons, Plaintiff is also likely to satisfy the zone-of-interests inquiry.

Third, a preliminary injunction is in the public interest. There is a strong public interest in protecting the right of a legal services organization providing *pro bono* services to confer with its clients. That is especially true where, as here, those clients are extremely vulnerable and face removal to an active combat zone.

**2. Petitioner Has Satisfied the Requirements of Fed. R. Civ. P. 65**

Petitioner asks this Court to find that he has complied with the requirements of Fed. R. Civ. P. 65. Pursuant to Rule 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

An attorney declaration is attached hereto, satisfying the requirement of Rule 65(b)(1)(A). *See generally* Heinrich Decl. Additionally, counsel for Petitioner respectfully submits that notice has been given to Respondents since counsel for Respondents has been put on notice of the instant motion via email. *See id.* ¶ 10.

Rule 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or

restrained." Fed. R. Civ. P. 65(c). The Second Circuit has recognized that, under Rule 65(c), a district court may exercise its discretion to dispense with the bond requirement. *See Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996). Plaintiff respectfully asks this Court to exercise its discretion to waive this requirement. An order requiring Respondents to refrain from removing the Clients while this action is ongoing would not result in any conceivable financial damages to Respondents – indeed, it may save Respondents the costs involved in facilitating the return of individuals wrongfully removed from the United States.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a temporary restraining order enjoining Respondents from removing Plaintiff's clients from the United States to Pakistan or Afghanistan absent further order of this Court and pending the outcome of this litigation.

Respectfully submitted,

*<u>/s/ Andrew Heinrich</u>*
Andrew Heinrich
*Supervising Attorney*
Project Rousseau, Inc.
1560 Broadway, Suite 805
New York, NY 10036
Email: Andrew.Heinrich@projectrousseau.org
Phone: +1 (917) 734-7219

*<u>/s/ Olivia Natale</u>*
Olivia Natale
*Staff Attorney*

Project Rousseau, Inc.
1560 Broadway, Suite 805
New York, NY 10036
Email: Olivia.Natale@projectrousseau.org
Phone: +1 (860) 966-5805