The Honorable Victor Marrero, U.S.D.J.
United States District Court
500 Pearl Street, Suite 1610
Southern District of New York

Nov. 9, 2026

**VIA ECF**

**Re**: Request to File Exhibits in Support of Amended Complaint in Redacted Form, Case No. 1:26-cv-09602

Dear Judge Marrero:

We write pursuant to Judge Marrero's Individual Practices in Civil Cases, Rule II.H, to request permission to file certain documents in redacted form, in support of the Amended Complaint, which will be forthcoming today. In support of its Amended Complaint, Project Rousseau intends to file several exhibits, including but not limited to the following:

- Various documents – including a court order and two "Advisories" produced by the Government – from a habeas corpus action concerning one of Project Rousseau's Afghan clients, who will also be named as a Plaintiff[1] in this case (collectively, the "Habeas Corpus Litigation Documents"); and
- A declaration of Supervisory Detention and Deportation Officer Sergio Aguilar, which was produced by the Government in an action concerning another Afghan national, who is not a party to this case or a Project Rousseau client (the "Aguilar Declaration").

Project Rousseau respectfully requests the Court's permission to file the Habeas Corpus Litigation Documents and the Aguilar Declaration publicly with redactions. The redactions would only conceal the respective petitioners' names, case numbers, and place(s) of detention, in order to protect their privacy and physical safety. Sealed, unredacted versions will be made available to the Court and to Defendants' counsel. Project Rousseau submits that these documents are judicial documents to which the right of public attaches, and that redactions are appropriate to preserve values such as safety and privacy.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). But the common law right of access attaches only where a court first determines "that the documents at issue are indeed judicial documents." *Id.* (internal quotation marks and citation omitted). The Second Circuit has defined a "judicial document" as one that is "relevant to the performance of the judicial function and useful in the judicial process[.]" *Id.* (internal quotation marks and citation omitted). Put differently, a judicial document is one that "would reasonably have the *tendency* to influence a district court's ruling ... without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *United States v. Greenwood*, 145 F.4th 248, 255 (2d Cir. 2025) (cleaned up). "The First Amendment right of

[1] A motion for leave to proceed under pseudonym is forthcoming.

access applies to judicial documents that are 'a necessary corollary of the capacity to attend the relevant proceedings.'" *Id.* (quoting *Lugosch*, 435 F.3d at 120). Where the First Amendment right attaches, sealing is appropriate where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (internal quotation marks and citation omitted).

The Habeas Corpus Litigation Documents and the Aguilar Declaration are "judicial documents" to which the right of public access attaches. These documents are "a necessary corollary" of this Court's "capacity to attend the relevant proceedings[,]" *Lugosch*, 435 F.3d at 120. Specifically, the Habeas Corpus Litigation Documents contain information concerning the posture of one of the Plaintiff's habeas corpus actions. This information is directly responsive to the Court's request for the "individual facts specific to each Afghan National[.]" Dkt. No. 21, at 28. Moreover, the Aguilar Declaration contains statements by an officer of the Federal Government concerning its plans to remove Afghan nationals to Pakistan – plans which form the basis of this lawsuit. Information concerning these plans is necessary for this Court to attend the present proceeding, and will aid the Court in determining whether the injunctive and declaratory relief that Plaintiffs request is warranted.

While the Habeas Corpus Litigation Documents and the Aguilar Declaration are judicial documents, sealing is necessary to "preserve higher values[,]" and the proposed redactions are "narrowly tailored to serve that interest." *Matter of New York Times*, 828 F.2d at 116 (internal quotation marks and citation omitted). The "higher values" are particularly significant: namely, the physical safety and privacy of Afghan nationals who are currently or have been held in Government custody. The disclosure of their names, place of detention, or federal case numbers could make them publicly identifiable. Such identification could expose them to grave risk of harm, death, and even torture, particularly if they are subsequently removed from the United States. Public reports already reflect that the Taliban themselves have voiced concern for the safety of Afghan nationals removed to Pakistan. *See* Gavin Blackburn, *Taliban Voices 'Serious Concern' over US Plans to Deport Afghans via Pakistan*, EURONEWS (Nov. 2, 2026), https://www.euronews.com/2026/11/02/taliban-voices-serious-concern-over-us-plans-to-deport-afghans-via-pakistan. Further public attention on these individuals – and, in particular, disclosure of their personal information – could put them at a heightened risk of harm in both Pakistan and Afghanistan.

Moreover, the proposed redactions are ""narrowly tailored to serve" the protection of higher values. *Matter of New York Times*, 828 F.2d at 116 (internal quotation marks and citation omitted). Here, Project Rousseau does not propose to seal the Amended Complaint, in whole or in part. The proposed redactions will not cause the public to not lose the ability to "monitor the judicial process[,]" *Lugosch*, 435 F.3d at 123, or understand the conduct that it asks this Court to enjoin and declare unlawful. Rather, the proposed redactions would very narrowly prevent public disclosure of individuals whose rights may be implicated by these proceedings.

For the foregoing reasons, Project Rousseau respectfully requests that this Court permit it to file the Habeas Corpus Litigation Documents and the Aguilar Declaration under seal, with redacted versions available on the public docket.

We thank the Court for its time and attention to this matter.

Dated: November 9, 2026

Respectfully submitted,

*/s/ Andrew Heinrich*
Andrew Heinrich
*Supervising Attorney*
Project Rousseau, Inc.
1560 Broadway, Suite 805
New York, NY 10036
Email: Andrew.Heinrich@projectrousseau.org
Phone: +1 (917) 734-7219

*/s/ Olivia Natale*
Olivia Natale
*Staff Attorney*
Project Rousseau, Inc.
1560 Broadway, Suite 805
New York, NY 10036
Email: Olivia.Natale@projectrousseau.org
Phone: +1 (860) 966-5805