The Honorable Victor Marrero, U.S.D.J.
United States District Court
500 Pearl Street, Suite 1610
Southern District of New York

Nov. 9, 2026

**VIA ECF**

**Re**: Request to File Exhibits in Support of Amended Complaint in Redacted Form, Case No. 1:26-cv-09602

Dear Judge Marrero:

We write pursuant to Judge Marrero's Individual Practices in Civil Cases, Rule II.H, to request permission to file certain documents in redacted form, in support of the Amended Complaint. In addition to those documents identified in our letter motion at Dkt. No. 24,[1] Plaintiffs also seek to file an additional declaration that one of the Afghan Nationals received today in his pending *habeas corpus* action. That document is a declaration of Supervisory Detention and Deportation Officer Christopher R. Campbell (the "Campbell Declaration"), attached to the Amended Complaint as Exhibit F. Plaintiffs have filed a redacted version of the document to protect the Plaintiff's personal information, and seek leave to file an unredacted version of the document under seal.

For similar reasons set forth in Plaintiffs' letter motion to seal at Dkt. No. 24, Plaintiffs submit that public redactions on the Campbell Declaration are appropriate under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) to protect the Plaintiff's privacy and physical safety. The Campbell Declaration is a "judicial document" to which the right of public access attaches. This documents is "a necessary corollary" of this Court's "capacity to attend the relevant proceedings[,]" *Lugosch*, 435 F.3d at 120. Specifically, the Campbell Declaration contains information statements by an officer of the Federal Government concerning its plans to remove an Afghan National – plans which form the basis of this lawsuit. Information concerning these plans will be necessary for this Court to attend the present proceeding, and will aid the Court in determining whether the injunctive and declaratory relief that Plaintiffs request is warranted. Plaintiffs respectfully submit that the contents of the Campbell Declaration also go directly to the credibility of the government's representations in this lawsuit that it did not have a plan in place to deport any Afghan Nationals to Afghanistan during the week of November 3, 2026.

While the Campbell Declaration is a judicial document, sealing is necessary to "preserve higher values[,]" and the proposed redactions are "narrowly tailored to serve that interest." *Matter of New York Times*, 828 F.2d at 116 (internal quotation marks and citation omitted). The

[1] Plaintiffs respectfully revise their earlier request to file two advisories and a court order from one of the Afghan Nationals' habeas corpus actions (the "Habeas Corpus Litigation Documents"). *See* Dkt. No. 24, at 1. Plaintiffs only intend to file *one* advisory from that litigation in support of the Amended Complaint.

"higher values" are particularly significant: namely, the physical safety and privacy of an Afghan National who is currently or have been held in Government custody.

For the foregoing reasons, as well as those set forth in Plaintiffs' letter motion to seal at Dkt. No. 24, Plaintiffs respectfully request that this Court permit it to file the Campbell Declaration under seal, with redacted versions available on the public docket.

We thank the Court for its time and attention to this matter.

Dated: November 9, 2026

Respectfully submitted,

*/s/ Andrew Heinrich*
Andrew Heinrich
*Supervising Attorney*
Project Rousseau, Inc.
1560 Broadway, Suite 805
New York, NY 10036
Email: Andrew.Heinrich@projectrousseau.org
Phone: +1 (917) 734-7219

*/s/ Olivia Natale*
Olivia Natale
*Staff Attorney*
Project Rousseau, Inc.
1560 Broadway, Suite 805
New York, NY 10036
Email: Olivia.Natale@projectrousseau.org
Phone: +1 (860) 966-5805