**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 10, 2026

By ECF
The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Project Rousseau, Inc. v. Venturella*, No. 26-cv-9602 (VM)

Dear Judge Marrero:

This Office represents the government in this civil action. Last night, the plaintiffs filed an amended complaint, adding John Doe and Jane Doe plaintiffs, and seeking leave to proceed by pseudonym. ECF Nos. 23 (Am. Compl.), 27 (Mot.). The individual plaintiffs have not provided their identities to the Court, and have identified themselves in the amended complaint only by the anonymous names John Does 1-4 and Jane Does 1-2.

The government ultimately takes no position on whether the Court should permit the individual plaintiffs to proceed by pseudonym at all, but notes for the Court's awareness that, contrary to plaintiffs' assertion that their identities have been confidential thus far, ECF No. 27-1 at 6, all six plaintiffs filed habeas petitions in their districts of confinement using their full names and did not proceed anonymously in those cases. "Prior disclosure to the public of a plaintiff's identity effectively nullifies the shield of privacy provided by proceeding anonymously." *Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2019 WL 1437520, at *7 (S.D.N.Y. Mar. 31, 2019) (citing *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (Chin, J.); *Mateer v. Ross, Suchoff, Egert, Hankin, Maidenbaum & Mazel, P.C.*, No. 96 Civ. 1756 (LAP), 1997 WL 171011 (S.D.N.Y. Apr. 10, 1997)). Given that the six plaintiffs' names are already a matter of public record in their own individual habeas cases, "[a]ny shield of privacy provided by allowing [plaintiffs] to proceed anonymously in the present case would therefore be a flimsy one." *Mateer*, 1997 WL 171011, at *7; *see also Doe v. Berg*, No. 15 Civ. 9787 (RJS), 2016 WL 11597923 at *3 (S.D.N.Y. Feb. 10, 2016) (denying request to proceed under a pseudonym, finding notable that "Plaintiff's identity has *not* been kept confidential—the New York Post has already revealed her name and reported on her relationship with Defendant in a related state action"); *Shakur*, 164 F.R.D. at 362 (denying motion to proceed under pseudonym where "plaintiff has conceded that the press has known her name for some time"). To the extent that there is a need to protect certain additional information from disclosure, "the adequacy of alternative mechanisms for protecting the confidentiality of the plaintiff weighs against allowing anonymity." *Doe v. United States*, No. 16 Civ. 7256 (JGK), 2017 WL 2389701, at *2 (S.D.N.Y. June 1, 2017).

If the Court nevertheless grants plaintiffs' request to proceed by pseudonym, the Court should require the plaintiffs to provide their identities to the Court in the amended complaint. Even when parties proceed anonymously to the public, their names and other identifying information must still be disclosed to the court. *See, e.g.*, *Doe v. Federal Republic of Germany*, No. 23-cv-6395 (GS), 2023 WL 6785813, at *11 (S.D.N.Y. Oct. 13, 2023) ("In this District, too, parties proceeding anonymously must reveal their names (and other identifying information) under seal to the court.") (collecting cases); *Roe 1 v. City of New York*, No. 20 Civ. 10188 (LLS), 2020 WL 7264563, at *1 (S.D.N.Y. Dec. 7, 2020) (directing plaintiffs seeking to proceed anonymously to "submit under seal an amended complaint with their real names, signatures, and addresses")). Indeed, given the nature of this action, where the plaintiffs will be seeking a preliminary injunction, the identities of the plaintiffs involved must be known.

Further, if the Court grants plaintiffs' request to proceed by pseudonym, the Court should require plaintiffs to proceed *by their initials*, rather than as John and Jane Does. Requiring a party to use their initials functions as a compromise that protects the litigant's full identity while also minimizing total concealment in the judicial process, which accords with tailoring the scope of anonymity by using the least restrictive means. Doing so would also prevent multi-party confusion by referring to the plaintiffs as John Doe 1, John Doe 2, John Doe 3, etc. And given that the plaintiffs will be seeking a preliminary injunction, identifying the plaintiffs, by at least their initials, is necessary to avoid enforcement and notice issues. Further, as plaintiffs note in their motion, one of the plaintiffs filed a separate lawsuit in the District of Columbia (filed by the same lawyers in this case) and proceeded by initials in that action. ECF No. 27-1 at 6; *see M.B. v. Venturella*, No. 26-cv-3886 (D.D.C.).

I thank the Court for its consideration of this letter.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: *_/s/ Brandon M. Waterman_*
BRANDON M. WATERMAN
Assistant United States Attorney
Telephone: (212) 637-2743
E-mail: brandon.waterman@usdoj.gov

cc: Counsel of Record (by ECF)