**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PROJECT ROUSSEAU, INC.,
JOHN DOE 1-4, AND JANE DOE 1-2

Plaintiff,

- against -

DAVID J. VENTURELLA, ACTING DIRECTOR OF THE UNITED STATES IMMIGRATIONS AND CUSTOMS ENFORCEMENT, MARKWAYNE MULLIN, UNITED STATES SECRETARY OF HOMELAND SECURITY, TODD BLANCHE, ATTORNEY GENERAL OF THE UNTIED STATES, AND MARCO RUBIO, UNITED STATES SECRETARY OF STATE

Defendants.

**26 Civ. 9602 (VM)**

**DECISION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/26

**VICTOR MARRERO, United States District Judge.**

In most cases, plaintiffs who bring lawsuits must use their own names. See Fed. R. Civ. P. 10. There are, however, exceptions to that rule. Plaintiffs who demonstrate that their "interest in anonymity" outweighs "both the public interest in disclosure and any prejudice to the defendant" may proceed anonymously, including by using pseudonyms. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008).

In this case, six of the plaintiffs are Afghan Nationals (the "Afghan National Plaintiffs"), whom the Government plans to deport to Pakistan, from where they will be handed over to

the Taliban.[1] (See Dkt. No. 26, First Amended Complaint ("FAC").) Each plaintiff alleges he or she will face grave harm by being deported to Pakistan and then turned over to the Taliban, where the plaintiffs may face torture or death, because of their identities and prior political activities. (See id. ¶¶ 34-38.)

Given the harms they face, the Afghan National Plaintiffs have filed a motion to proceed under "John Doe" and "Jane Doe" pseudonyms in this case and request this Court enter a protective order to shield their identities from disclosure. (See Dkt. No. 27 (the "Motion" or "Mot.").) Their reasons are straightforward: If the Afghan National Plaintiffs are forced to use their own names, they will have to disclose to the public, including the Pakistani government and the Taliban, the reasons those groups want them tortured or dead. (See Dkt. No. 27-1 at 3-4, Memorandum of Law in Support of Motion.)

The Court has no difficulty concluding that the Afghan National Plaintiffs' "interest in anonymity" outweighs "both the public interest in disclosure and any prejudice to the defendant;" accordingly, the Afghan National Plaintiffs can proceed anonymously, including by using pseudonyms. Sealed

[1] The other plaintiff is Project Rousseau, Inc., a nonprofit that provides legal services to the Afghan National Plaintiffs.

Plaintiff, 537 F.3d at 189. The Court finds the fact that the Afghan National Plaintiffs face the risk of torture and death, (see FAC ¶¶ 34-38), is especially salient, given that "[c]ourts have allowed plaintiffs to proceed anonymously where disclosure of their identities created a risk of harm from third parties unaffiliated with the case." Doe v. Solera Cap. LLC, No. 18-CV-1769, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019) (citation and quotation marks omitted). Furthermore, where, as here, "a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." Id. at *6.[2]

In contrast, the Government has not identified any "public interest in disclosure." Sealed Plaintiff, 537 F.3d at 189. There is likewise no indication that "the public's interest in the litigation" would be "furthered by requiring the" Afghan National Plaintiffs to "disclose [their] identit[ies]." Id. at 190 (citations and quotation marks omitted). Given "the purely legal nature of the issues presented" in this case, "there is an atypically weak public

[2] The Second Circuit has identified several other considerations that courts should normally account for when deciding whether to allow parties to proceed anonymously. See Sealed Plaintiff, 537 F.3d at 189-90. The Government does not oppose the Motion, as discussed below. "Thus, absent opposition," the Court deems those considerations "conceded" by the Government in favor of Plaintiffs. Colon v. Tucciarone, No. 02-CV-891, 2003 WL 22439588, at *2 (D. Conn. Oct. 27, 2003).

interest in knowing the litigants' identities." Id. (citations and quotation marks omitted).

The Government has also failed to identify "any prejudice" that it may face by the Afghan National Plaintiffs using pseudonyms, id. at 189, such as potential damage to the Government's reputation or complicating discovery. See Solera Cap. LLC, 2019 WL 1437520, at *6.

The Government states that it "ultimately takes no position on whether the Court should permit the individual plaintiffs to proceed by pseudonym at all[.]" (Dkt. No. 32, Response to Motion ("Resp.").) However, the Government still insists that the Afghan National Plaintiffs should not be allowed to use John and Jane Doe pseudonyms. (See id.) Instead, the Government argues that the Afghan National Plaintiffs should be required to use their own names with redactions on the public docket, or their initials. (See id.) According to the Government, that is because the Afghan National Plaintiffs have filed habeas petitions using their own names in other cases. (See id. at 1.) Further, the Government is concerned that if the Afghan National Plaintiffs do not use their own names in this lawsuit, the Government may face "enforcement and notice issues" in complying with orders of this Court. (Id. at 2.)

The Court finds those arguments puzzling, especially coming from the Government. For one thing, the Government does not oppose the Motion, (see id. at 1), which suggests it faces no real prejudice by the Afghan National Plaintiffs using pseudonyms. See Sealed Plaintiff, 537 F.3d at 189. Moreover, Plaintiffs have already provided the names of the Afghan National Plaintiffs to the Government, mitigating any risk of prejudice. (See, e.g., Dkt. No. 15 at 2 n.1; Resp. at 1.) The Government has not demonstrated any potential actual prejudice it would face by the Afghan National Plaintiffs proceeding pseudonymously, so this Court declines to entertain the Government's otherwise speculative concerns.

The Court therefore grants Afghan National Plaintiffs' Motion to proceed using pseudonyms and to enter the protective order. Nonetheless, to assuage the Government's concerns about "enforcement and notice issues" in complying with orders of this Court, (Resp. at 2), the Court will require Plaintiffs to file a document, under seal, identifying each Afghan National Plaintiff by corresponding pseudonym, legal name, and alien registration number, as the Government has requested. (See id.)

**ORDER**

For the preceding reasons, it is hereby

**ORDERED** that the Motion of Plaintiffs Project Rousseau, Inc., John Doe 1-4, and Jane Doe 1-2 ("Plaintiffs") for an Order Permitting the Afghan National Plaintiffs to Proceed Under Pseudonym (Dkt. No. 27) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs are directed to file a document, under seal via email to both Chambers and counsel for the Government, identifying each Afghan National Plaintiff by corresponding pseudonym, legal name, and alien registration number.

The Court will separately enter Plaintiffs' Proposed Order. (Dkt. No. 27-2.)

The Clerk of Court is respectfully directed to terminate the Motion at Dkt. No. 27.

**SO ORDERED.**

Dated: 20 November 2026
New York, New York

Victor Marrero
U.S.D.J.